INSTITUTE FOR JUSTICE
KEITH E. DIGGS (*pro hac vice*)
PAUL V. AVELAR (*pro hac vice*)
398 S. Mill Ave. #301
Tempe, AZ 85281
Telephone: (480) 557-8300
kdiggs@ij.org
pavelar@ij.org

BENBROOK LAW GROUP, P.C.
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
400 Capitol Mall, Suite 1610
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

PACIFIC COAST HORSESHOEING SCHOOL, INC., et al.,

Plaintiffs,

v.

KIMBERLY KIRCHMEYER, et al.,

Defendants.

No. 2:17–CV–02217–JAM–GGH

**MOTION TO DROP PLAINTIFF ESTEBAN NAREZ**

Hearing: June 8, 2021, 1:30 p.m.
District Judge: Hon. John A. Mendez

Plaintiff Esteban Narez moves the Court to drop him from the case under Federal Rule of Civil Procedure 21.[1] The remaining Plaintiffs, Pacific Coast Horseshoeing School, Inc. ("PCHS") and Bob Smith wish to continue to litigate their claims.

## I. Motion to Drop a Party (Fed. R. Civ. P. 21)

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "A plaintiff generally 'should not be compelled to litigate if [he] doesn't wish to.'" *In re Tezos Sec. Litig.*, No. 17-cv-06779-RS, 2019 WL 2183448, at *2 (N.D. Cal. Apr. 8, 2019) (quoting *In re Currency Conversion Fee Antitrust Litig.*, No. 01-MDL-1409, 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004)). Rule 21 governs when only one party of several seeks to "relinquish a claim," because Rule 41 governs only dismissal of an entire action. *Robertson v.*

[1] Plaintiffs will shortly file a concurrent motion for protective order with the Magistrate Judge, to whom all discovery motions are referred by local rule. L.R. 302(c)(1). Plaintiffs would have also referred this Rule 21 motion to the Magistrate Judge in the interest of judicial economy, but Defendants indicated that they would "oppose such an effort" to have the Magistrate Judge decide the Rule 21 motion. Ex. 3.

*Limestone Mfg. Co.*, 20 F.R.D. 365, 373 (W.D.S.C. 1957).

It has been 3½ years since Esteban joined PCHS and Bob Smith in filing this action and since that time, Esteban's circumstances have changed. In October 2017, Esteban sought to take an eight-week class teaching horse shoeing at PCHS without having to first acquire a GED or prepare for and take an Ability-to-Benefit test. ECF. 1 ¶¶ 28, 72-81. This Court dismissed the case within six months after it was filed, ECF 21, and more than two years passed before the Ninth Circuit reversed and remanded this case for discovery, ECF 29 & 30. By that time, the covid pandemic had upended everything. Esteban is now dealing with family health issues, represents that he has moved away from his last known address, no longer wishes to remain a party or seek relief from this Court, and has ceased communication with his attorneys in this action. Ex. 1 ¶¶ 8-12.

Defendants' counsel were made aware of Esteban's intent to withdraw on March 23, 2021. *See* Ex. 1 ¶¶ 2 &13; Ex. 2. On that date, Plaintiffs' counsel proposed a draft stipulation to drop Esteban from the lawsuit under Rule 21. Ex. 1 ¶ 14; Ex. 2. Counsel teleconferenced on March 25 and agreed that Defendants would take time to consider Plaintiffs' draft stipulation. Ex. 1 ¶ 16. On April 7, Defendants rejected the proposed stipulation in a teleconference and further requested an extension to the discovery schedule.[2] Ex. 1 ¶ 17. The parties held another meet-and-confer by telephone on April 14, where Plaintiffs rejected Defendants' extension request and reiterated their intent to move to drop Esteban under Rule 21. Ex. 1 ¶¶ 3 & 18; Ex. 3.

Under Rule 21's "liberal standard," there is no "good reason" why Esteban should "be compelled to litigate if [he] doesn't wish to." *In re Snap Inc. Sec. Litig.*, 394 F.Supp.3d 1156, 1157 (C.D. Cal. 2019) (citing *Org. of Minority Vendors, Inc. v. Ill. Central-Gulf R.R.*, No. 79-C-1512, 1987 WL 8997, at *1 (N.D. Ill. Apr. 2, 1987)). All the more so given the impacted nature of the Eastern District generally, and particularly after the pandemic. Esteban can and should be dropped so that PCHS and Bob Smith may continue to pursue their independent rights to teach horseshoeing to students "including *but not limited to* Esteban." *See* ECF 1 at 12–13 (Complaint

[2] The parties had previously stipulated to (and been granted) an extension of the discovery schedule in light of Esteban's failure to cooperate with counsel. ECF 35 (Mar. 4, 2021).

Prayer for Relief (emphasis added)).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to DISMISS Esteban Narez as a party.

Dated: April 28, 2021

Respectfully submitted,

INSTITUTE FOR JUSTICE

/s/ Keith Diggs
KEITH DIGGS
*Attorney for Plaintiffs*

INSTITUTE FOR JUSTICE
KEITH E. DIGGS (*pro hac vice*)
PAUL V. AVELAR (*pro hac vice*)
398 S. Mill Ave. #301
Tempe, AZ 85281
Telephone: (480) 557-8300
kdiggs@ij.org
pavelar@ij.org

BENBROOK LAW GROUP, P.C.
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
400 Capitol Mall, Suite 1610
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

PACIFIC COAST HORSESHOEING SCHOOL, INC., et al.,

Plaintiffs,

v.

KIMBERLY KIRCHMEYER, et al.,

Defendants.

No. 2:17–CV–02217–JAM–GGH

**NOTICE OF MOTION TO DROP PLAINTIFF ESTEBAN NAREZ**

Hearing: June 8, 2021, 1:30 p.m.
District Judge: Hon. John A. Mendez

PLEASE TAKE NOTICE THAT, on June 8, 2021 at 1:30 p.m., Plaintiff Esteban Narez will move the Court to drop him from the case. *See* Fed. R. Civ. P. 21. This motion is made following the conference of counsel pursuant to the Court's standing order, ECF 3-2, and which took place on April 14, 2021.

Dated: April 28, 2021

Respectfully submitted,

INSTITUTE FOR JUSTICE

/s/ Keith Diggs
KEITH DIGGS
*Attorney for Plaintiffs*