Pacific Coast Horseshoeing School, Inc., et al.,
v.
Kimberly Kirchmeyer, et al.

Case No. 2:17–CV–02217–JAM–GGH

Email Exchange Between Keith Diggs and Defendants' Counsel,

Dated April 12 – April 20, 2021

**EXHIBIT 3**

**Keith Diggs**

| | |
|---|---|
| **From:** | Keith Diggs |
| **Sent:** | Tuesday, April 20, 2021 11:47 AM |
| **To:** | Patty Li |
| **Subject:** | RE: Pacific Coast - Rule 21 motion and discovery scheduling |

Hi Patty,

First off, I can confirm receipt of yesterday's deposition notices for PCHS, Bob Smith, and Esteban Narez. As you know, Mr. Narez is withdrawing from the case and intends neither to remain a party nor seek relief against Defendants. This moots his claim, and we will be moving for an order to protect Esteban from the annoyance and undue burden of attending a deposition or producing discovery in a case he no longer intends to pursue. Unless Defendants withdraw their efforts to seek discovery from Esteban, I don't see how the parties can come to an agreement on this—let me know if you feel differently.

As these will be our motions, I plan to notice them for hearing by Magistrate Judge Hollows on June 2. It's the earliest hearing date I got from either clerk, and I think it's in all of our interest to resolve this as soon as possible. It also seems to me that we are primarily disputing discovery, which would call for the magistrate.

I'm around until 4 this afternoon if you'd like to discuss. Also available tomorrow most of the day, Thursday afternoon, or Friday morning.

Keith

---

**From:** Patty Li <Patty.Li@doj.ca.gov>
**Sent:** Monday, April 19, 2021 4:03 PM
**To:** Keith Diggs <kdiggs@ij.org>
**Subject:** RE: Pacific Coast - Rule 21 motion and discovery scheduling

Hi Keith,

Thank you for emailing the clerk. I trying to figure out what makes the most sense, in light of his response. I am thinking that the Rule 21 motion should be noticed for 6/8 with Judge Mendez, assuming that date works for you. As you know, Defendants' position is that the district court judge should decide that motion. But I will need to think about whether to do the discovery motions as related/counter-motions to the Rule 21 motion and so set them for the same date; or whether Defendants will need to file at least one of the discovery motions (to extend the discovery schedule) to be heard earlier than 6/8, given the current discovery schedule. And, assuming the mag judge is available. Can you please let me know if the 6/8 hearing date before Judge Mendez works for you, and I can let you know when I've figured out what Defendants will propose for the discovery motion scheduling?

Thanks,

Patty

---

**From:** Keith Diggs <kdiggs@ij.org>
**Sent:** Monday, April 19, 2021 3:27 PM
**To:** Patty Li <Patty.Li@doj.ca.gov>
**Subject:** RE: Pacific Coast - Rule 21 motion and discovery scheduling

Works for me—I just cc'd you on an email to the clerks. Thanks Patty.

---

**From:** Patty Li <Patty.Li@doj.ca.gov>
**Sent:** Monday, April 19, 2021 10:16 AM
**To:** Keith Diggs <kdiggs@ij.org>
**Subject:** RE: Pacific Coast - Rule 21 motion and discovery scheduling

Hi Keith,

Thanks for asking about the hearings. I did not mean to suggest that Defendants prefer two separate hearings, only that some of the motions under consideration seem to fall into the core "discovery" area that would normally go to a mag judge. But I agree that all of the issues can be resolved at one hearing, if the court is willing to arrange it that way. How about this:

> Defendants' position is that the Rule 21 motion concerns a substantive feature of the litigation—the parties involved—and thus raises issues impacting Defendants' ability to defend the challenged law. Defendants therefore believe that the district court judge should hear the Rule 21 motion. For the related/counter-motions, the motion to extend the discovery schedule will overlap with Defendants' opposition to the Rule 21 motion, which is why Defendants believe the district court judge should also hear that motion. With respect to Defendants' motion to compel responses to outstanding discovery requests and to appear at a deposition, although this motion would normally go to the magistrate judge, Defendants believe it would be most efficient for the same judge to decide all of these related/counter-motions at the same time as the Rule 21 motion.

Please do let me know if this is still ambiguous. Thanks,

Patty

---

**From:** Keith Diggs <kdiggs@ij.org>
**Sent:** Friday, April 16, 2021 5:10 PM
**To:** Patty Li <Patty.Li@doj.ca.gov>
**Subject:** RE: Pacific Coast - Rule 21 motion and discovery scheduling

Patty,

I acknowledge that our previous conversations of April 7 and 14 covered Defendants' intent to compel discovery from Esteban Narez, notwithstanding Esteban's communicated withdrawal from the case. As you know, Esteban has directed me to drop him, and our position is that he cannot be compelled to produce discovery in a case to which he is not a party. We will therefore oppose Defendants' motion to compel.

I will look for your deposition notices next week. I appreciate the flexibility on dates.

Finally, do I understand that Defendants are proposing two separate hearings? I'm happy to convey Defendants' position to the clerks, but my position will be that all of these issues can be resolved at one hearing regardless of judge assignment. Let me know—I'll hold the email for now, and have a good weekend.

Best,
Keith

---

**From:** Patty Li <Patty.Li@doj.ca.gov>
**Sent:** Friday, April 16, 2021 2:28 PM

**To:** Keith Diggs <kdiggs@ij.org>
**Subject:** RE: Pacific Coast - Rule 21 motion and discovery scheduling

Hi Keith,

I appreciate your patience. With respect to the anticipated motion to extend the discovery schedule, Defendants also intend to move to compel discovery responses from, and the deposition of, Esteban Narez. As I mentioned previously, Defendants would prefer to extend the discovery schedule so that discovery obligations can be assessed in light of the resolution of the Rule 21 motion. However, understanding that you cannot agree to such an extension, Defendants need to proceed with moving to compel, given the existing discovery schedule. Should we schedule a time to meet-and-confer on the motion to compel Esteban's discovery responses and deposition appearance? Or do you think our previous conversations (April 7 and April 14) have sufficiently covered these topics?

I will send you deposition notices for Bob Smith, PCHS, and Esteban Narez early next week. I will specify dates for the week of May 17, but I know that you are checking on availability for Bob Smith/PCHS, and we can settle on a final date after the notices are sent.

In terms of the appropriate judicial assignment for the Rule 21 motion and Defendants' related or counter-motions, if you could convey the following to the clerks, I would appreciate it:

> Defendants' position is that the Rule 21 motion concerns a substantive feature of the litigation—the parties involved—and thus raises issues impacting Defendants' ability to defend the challenged law. Defendants therefore believe that the district court judge should hear the Rule 21 motion. For the related/counter-motions, the motion to extend the discovery schedule will overlap with Defendants' opposition to the Rule 21 motion, which is why Defendants believe the district court judge should also hear that motion. With respect to Defendants' motion to compel responses to outstanding discovery requests and to appear at a deposition, Defendants' position is that this motion is appropriate for resolution by the magistrate judge.

Thanks,

Patty

---

**From:** Keith Diggs <kdiggs@ij.org>
**Sent:** Friday, April 16, 2021 1:39 PM
**To:** Patty Li <Patty.Li@doj.ca.gov>
**Subject:** RE: Pacific Coast - Rule 21 motion and discovery scheduling

I'll wait before contacting the clerks. No rush—I don't see why we couldn't contact them next week.
Keith

---

**From:** Patty Li <Patty.Li@doj.ca.gov>
**Sent:** Thursday, April 15, 2021 10:00 PM
**To:** Keith Diggs <kdiggs@ij.org>
**Subject:** Re: Pacific Coast - Rule 21 motion and discovery scheduling

Hi Keith,

Thanks for this info. The proposed briefing schedule works on my end, and I appreciate your accommodating my early May appellate deadline.

Can I get back to you tomorrow (hoping for mid-day) about whether Defendants have a view on the judge assignment issue, before you email the clerks?

Thanks,

Patty

---

**From:** Keith Diggs <kdiggs@ij.org>
**Sent:** Thursday, April 15, 2021 2:17:51 PM
**To:** Patty Li
**Subject:** RE: Pacific Coast - Rule 21 motion and discovery scheduling

Hi Patty – following up on our meet-and-confer yesterday, Esteban Narez has not cooperated with me on discovery and has asked to be dropped from the case. We will accordingly notice a Rule 21 motion to drop him as a party.

After reviewing the rules, it's not clear to me whether this motion would be heard by Judge Mendez or by Magistrate Hollows. On the one hand, there's a notice on the docket (attached) saying that "all motions except … case dispositive motions" are to be heard by the magistrate. On the other hand, L.R. 230(k) says that "*[o]nly* those motions in matters specified in L.R. 302 and 303" are heard by the magistrate, and it's not obvious that a rule 21 motion would fall within L.R. 302 or 303. (As I understand your response may include a countermotion under L.R. 230(e) to extend the discovery schedule, it is possible that your countermotion would qualify the matter as a "discovery motion" under L.R. 302(c)(1), which would be heard by the magistrate.)

Either way, it seems the earliest I can file under the meet-and-confer order would be April 26. This points toward a hearing on either the afternoon of May 25 (Judge Mendez) or the morning of May 27 (Magistrate Hollows). Our motion would be due April 27/29, your response would be due May 11/13, and our reply would be due May 18/20. I understand that your response may include a countermotion under L.R. 230(e) for an extension of the discovery schedule.

Does this schedule work for you? If so, I will email the courtroom deputies for both the magistrate and the judge (cc'ing you) and have them sort out the assignment. If you have a preference, I'm happy to pass it along.

I'll follow up as soon as I can with potential deposition dates for Bob Smith.
Keith

-----Original Appointment-----
**From:** Patty Li <Patty.Li@doj.ca.gov>
**Sent:** Wednesday, April 14, 2021 9:27 AM
**To:** Keith Diggs
**Subject:** Pacific Coast - Rule 21 motion and discovery scheduling
**When:** Wednesday, April 14, 2021 3:00 PM-3:30 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:** Patty's office: 415-510-3817

Patty's office: 415-510-3817

---

**From:** Keith Diggs <kdiggs@ij.org>
**Sent:** Tuesday, April 13, 2021 3:45 PM
**To:** Patty Li <Patty.Li@doj.ca.gov>
**Subject:** RE: Pacific Coast - Rule 21 motion and discovery scheduling

Hi Patty,

I've relayed your request to my seniors and will call you at 3pm tomorrow.

As you know, Esteban Narez is withdrawing as a party. I have alerted Bob Smith that his deposition is likely next month if we do not extend the schedule.

Best,
Keith

---

**From:** Patty Li <Patty.Li@doj.ca.gov>
**Sent:** Monday, April 12, 2021 4:35 PM
**To:** Keith Diggs <kdiggs@ij.org>
**Subject:** Pacific Coast - Rule 21 motion and discovery scheduling

Keith,

I know you had some appellate filings to take care of today, I hope they went smoothly. I wanted to set up a call to discuss the anticipated Rule 21 motion and discovery scheduling. Can we find a time to discuss the below, tomorrow or Wednesday? I'm generally open tomorrow (Tuesday) between 10am and 4pm. On Wednesday I might be available 10am-12pm (waiting for confirmation on something else), and I am also available 3-4pm.

As I mentioned on our call last week, Defendants' position is that some adjustment to the discovery schedule is warranted, regardless of how the withdrawal issue is settled. I understand that the Rule 21 motion might be heard in May, though there are some scheduling constraints on your end (and perhaps my end as well). However, as the discovery calendar currently stands, Defendants need to get depositions with Bob Smith, PCHS, and Esteban Narez on calendar for May, preferably mid-May at the latest. If you could start looking into availability during the week of May 17 for depositions of Bob Smith, PCHS (I presume this will be Bob Smith—if so these can be set for the same day), and Esteban Narez, that would be helpful. I assume we will still need to do video depositions, at this point. Alternatively, if it makes more sense to schedule all depositions for after resolution of the Rule 21 motion, we should discuss the anticipated Rule 21 schedule and a further extension of the discovery schedule.

Also, as you are aware, Defendants have received no written discovery from Esteban. Defendants' efforts to schedule Esteban's deposition in time for an expert witness to properly evaluate Esteban's testimony should not be construed as waiving any of Defendants' rights or remedies with respect to obtaining written discovery from Esteban.

Thanks,

Patty

P. Patty Li
Deputy Attorney General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

ph: (415) 510-3817
fax: (415) 703-1234

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.