UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST HORSESHOEING SCHOOL, INC. et. al,, <br><br> Plaintiffs, <br><br> v. <br><br> KIMBERLY KIRCHMEYER, et al., <br><br> Defendants. | No. 2:17-cv-02217 JAM GGH <br><br><br> ORDER |

*Introduction and Summary*

Plaintiff, Esteban Narez (hereinafter "Narez"), has sought to be voluntarily dismissed from this protracted action. Narez' motion to be voluntarily dismissed has been taken under submission by the district judge. It appears that defendants desire to engage in "party" discovery with respect to Narez, and oppose his dismissal, at least until such discovery can be performed. In order to avoid such "party" discovery, as it is Narrez' desire to be dismissed as a party as soon as possible, Narez has moved for a protective order precluding his participation in discovery

////
/////
////
////

1

pending his dismissal from the case (or pending the district judge's rejection of that motion).[1]
ECF No. 38.

The parties have submitted a joint statement. ECF No. 44. On June 3, 2021, the undersigned took the motion for protective order under submission. ECF No. 45. For the reasons given below, the motion for protective order is denied in part and granted in part.

*Discussion*

As the parties are very familiar with the facts of this case, there is no need for the undersigned to detail a lengthy history of this litigation. Suffice it to say, as the Ninth Circuit Court of Appeals did in its opinion introduction reversing a dismissal of this action:

> Plaintiff Bob Smith is an experienced farrier and offers classes for those who would like to learn the art and craft of horseshoeing. Plaintiff Esteban Narez is experienced with horses and would like to enroll in Smith's classes to become a professional farrier. But because Narez does not have a high school diploma or GED, California's Private Postsecondary Education Act of 2009 ("PPEA" or "the Act") prohibits him from enrolling in Smith's courses unless Narez first passes an examination prescribed by the U.S. Department of Education. But if Smith were running a flight school or teaching golf, dancing, or contract bridge, Narez could enroll without restriction.

ECF. No. 29 at 5; see also Pac. Coast Horseshoeing Sch., Inc. v. Kirchmeyer, 961 F.3d 1062, 1065 (9th Cir. 2020).

The motion referenced above seeks protection on the *sole* basis that it would be oppressive to compel Narez to engage in "party" discovery since he does not want to be a party and expects to be dismissed in short order. Narez does not complain about, nor make a showing, that the discovery sought is itself irrelevant or otherwise burdensome per se. Defendants argue that because Narez presently remains a party, and has information relevant to the lawsuit, he is subject to discovery as a party, and to a partial extent, even if dismissed as a party.

////

---

[1] This is not a case where there exists a myriad of named individual plaintiffs who have been harmed by the governmental policies alleged in the complaint, and dismissal of Narez may be of consequence. Indeed, Narez is the only named "student" plaintiff. In the unusual context of this case, it is not certain that the motion to be voluntarily dismissed will be granted, at least without substitution of another named individual student.

The standard for a protective order is well stated in Fed. R. Civ. P. ("Rule") 26(c) (in pertinent part):

> (1) The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> ***
>
> (2) Ordering Discovery. If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

Fed. R. Civ. P. 26(c).

There is no need to canvas general authorities on the meaning of these plain words as Narez does not provide authority that a dismissed party is automatically free of all discovery obligations, and the court is aware of no such authority. Of course, if Narez were presently a dismissed party, certain discovery rules would not apply to him, e.g., interrogatories (Rule 33), production of documents (Rule 34), mental and physical examinations (Rule 35), requests for admissions (Rule 36). However, Rule 45 subjects non-parties (and parties) to depositions and production of documents, and trial appearances, if subpoenaed.

In this case, discovery cutoff is scheduled for October 15, 2021. ECF No. 40. Narez' noticed deposition has now been pending over two months. It is not unreasonable for defendants to desire to expeditiously take discovery from Narez now in terms of deposition and production of documents, *whether or not he is to be dismissed as a party*. As explained above, Rule 45 would come into play in any event even if Narez were to be dismissed as a party tomorrow. Accordingly, the undersigned will grant in part, and deny in part, the motion for protective order.

IT IS HEREBY ORDERED that the Motion for Protective Order (ECF No38) is granted in part, and denied in part, as set forth below:

1. Within seven calendar days of the filed date of this order, Narez shall supply an

address where he can be subpoenaed; or Narez may simply agree in writing to be deposed (including production of pertinent documents) as scheduled below;

2. If Narez remains a party up to and including July, 31, 2021, he shall appear for deposition at a mutually agreed upon time and place within that time period; he shall produce any appropriate documents requested previously in a request for production of documents (Fed. R. Civ. P. 34) or notice of deposition; if the parties are unable to reach agreement, the deposition/document production shall take place on July 28, commencing at 9:00 a.m., at the office of Narez' listed counsel (400 Capitol Mall, Sacramento, CA 95814);

3. Defendants may forthwith subpoena Narez pursuant to Fed. R. Civ. P. 45 to alleviate any anticipated legal or logistical concerns should Narez be dismissed as a party during the remainder of June and July 2021; parties as well as non-parties may be subpoenaed to appear at deposition and produce documents. See generally Fed. R. Civ. P. 45; Fed. R. Civ. P 45(c)(1)(B)(i) (section referencing parties). See also Aristocrat Leisure v. Deutche Bank Trust Co., 262 F.R.D. 293, 302 (S.D.N.Y. 2009); Seiter v. Yokohama Tire Corp., No. C08-5578 FDB, 2009 WL 3663399, at *1(W.D. Wash. Nov. 3, 2009); SPV-LS, LLC Transamerica Life Ins. Co. v. Bergman, No. 4:14-CV-04092-LLP, 2016 WL 7240149, at *2 (D.S.D. June 30, 2016) (all referencing the majority rule that Fed. R. Civ. P. 45 applies to parties). Unless Narez and defendants expressly agree otherwise, the deposition/production of documents pursuant to the subpoena shall take place at the time and place indicated in Paragraph 2. Narez shall be represented by his present counsel at deposition if Narez remains a party, or, if Narez is not a party, present counsel and Narez are otherwise agreeable to such representation. Otherwise, Narez may obtain other counsel or appear pro se. No extensions of time will be granted for Narez to obtain other attorney representation;

4. Failure to abide by this order may be considered contempt of court, Fed. R. Civ. P. 37 (b)(2)(A); Fed. R. Civ. P. 45(g) with attendant sanctions, and all other appropriate sanctions may be considered and/or ordered; and

5. Because there exists a substantial possibility that Narez will be dismissed as a party, the court will protect Narez from participating in "party" discovery other than that referenced above. This protection will expire in the event that the district judge denies Narez' motion to be dismissed as a party.

Dated: June 22, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE