UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PACIFIC COAST HORSESHOEING SCHOOL, INC.; BOB SMITH; and ESTEBAN NAREZ,<br><br>   Plaintiffs,<br><br>   v.<br><br>DEAN GRAFILO, et al.,<br><br>   Defendants. | No. 2:17-cv-02217-JAM-GGH<br><br>**ORDER DENYING MOTION TO DROP PLAINTIFF ESTEBAN NAREZ** |
|---|---|

Before the Court is Esteban Narez's ("Narez" or "Plaintiff") Motion for an order granting his request to be dropped as a plaintiff pursuant to Fed. R. Civ. P. 21. Mot. to Drop ("Mot."), ECF No. 37. Defendants oppose this motion. Opp'n, ECF No. 41. Plaintiff replied. Reply, ECF No. 42. For the reasons set forth below, the Court DENIES Plaintiff's Motion.[1]

I. BACKGROUND

In October 2017, Plaintiff joined Pacific Coast Horseshoeing School ("PCHS" or the "School") and its owner, Bob Smith ("Smith") in filing this lawsuit challenging California's Private

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 8, 2021.

1

Postsecondary Education Act of 2009 (the "Act"), CAL. EDUC. CODE §§ 94800 et seq. on First Amendment grounds. See generally Compl., ECF No. 1. PCHS wanted to admit Narez – who dropped out of high school and did not subsequently earned his high school diploma or GED – but could not because he did not meet the Act's ability-to-benefit requirements for enrollment at a private postsecondary educational institution. Id. at 7-8 ¶¶ 63-64, 75-77. This lawsuit followed, seeking injunctive relief and a judicial declaration that the ability-to-benefit requirement is unconstitutional. Id. at 11-12.

In April 2018, the Court dismissed the lawsuit. See Dismissal Order, ECF No. 21. In June 2020, the Ninth Circuit reversed and remanded. See USCA Opinion, ECF No. 29. In August 2020, the parties commenced discovery. Opp'n at 4. PCHS and Smith timely responded to Defendants' written discovery requests, but Narez did not. Id. In March 2021, the parties agreed to extend the case schedule to give Narez more time to respond to these outstanding discovery requests. See Stipulation, ECF No. 34. On April 19, 2021, Defendants noticed Narez's deposition for May 19, 2021. Opp'n at 4.

On April 28, 2021, Narez filed the present Motion to withdraw as a plaintiff. See generally Mot. His life circumstances have changed in the three and a half years since the filing of the lawsuit; specifically, he is now "dealing with family health issues . . . has moved away from his last known address, no longer wishes to remain a party or seek relief from this Court, and has ceased communication with his attorneys in this action." Id. at 2.

II. OPINION

A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 21 governs the addition or withdrawal of parties, providing that "on motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Courts considering requests to add or withdraw a party pursuant to Rule 21 must determine "whether such action will prejudice the non-moving party, and whether it will serve to avoid multiplicity of suits." <u>Heilman v. Cook</u>, No. 14-cv-1412-JLS(MDD), 2017 WL 727672 at *1-2 (S.D. Cal. Feb. 24, 2017)(internal citation omitted). Thus, "prejudice to the non-moving party will defeat a Rule 21 motion." <u>Sable Commc'ns of Cal. Inc. v. Pac. Tel. & Tel. Co.</u>, 890 F.2d 184, 191 n.13 (9th Cir. 1989) (internal citations omitted).

A plaintiff generally "should not be compelled to litigate if [he] doesn't wish to." <u>In re Tezos Sec. Litig.</u>, No. 17-cv-06779-RS, 2019 WL 2183448, at *2 (N.D. Cal. Apr. 8, 2019) (internal citations omitted); <u>see also</u> <u>In re Snap Inc. Sec. Litig.</u>, 394 F.Supp.3d 1156, 1157 (C.D. Cal. 2019). However, "a district court's discretion to permit substitutions or additions of parties is not a requirement that it do so." <u>Mendoza v. Nordstrom, Inc.</u>, 865 F.3d 1261, 1266 (9th Cir. 2017).

B. <u>Analysis</u>

Defendants contend they would be prejudiced if Plaintiff were permitted to withdraw before he responded to outstanding discovery requests. Opp'n at 5-12. First, they point out the operative complaint continues to rely extensively on allegations regarding Plaintiff; and indeed, Plaintiff remains the only

person identified in the complaint as subject to the enrollment prerequisite. Id. at 1. Obtaining party discovery from Plaintiff is therefore necessary to test the allegations concerning him. Id. at 6-7 (listing paragraphs 72, 73, 77-80 of the complaint as requiring discovery from Narez). Second, Defendants argue that Plaintiff is in unique possession of information directly relevant to whether the challenged enrollment prerequisite serves any governmental interest and whether it does so in an appropriately tailored manner. Id. at 7 (citing to Pac. Coast Horseshoeing Sch. v. Kirchmeyer, 961 F.3d 1062, 1068 (directing this Court to apply some form of heightened scrutiny to Plaintiffs' challenge)). Defendants therefore argue that party discovery from Plaintiff is also essential to their defense that the enrollment prerequisite satisfies heightened scrutiny. For these reasons, prejudice would result if Plaintiff withdrew and they were instead forced to resort to third-party discovery under Rule 45. Id. at 9-10.

Plaintiff responds that the fact that he has discoverable information about factual allegations is not a ground for denying the Motion and that if that were the standard, such motions to drop would be "ungrantable." Reply at 1. To support this contention, Plaintiff distinguishes one of Defendants' cited cases, In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996). Reply at 2; see also Opp'n at 9. However, In re Exxon Valdez is of little utility to either party because Rule 21 was not at issue in that case. Rather the discussion there was limited to voluntary dismissal under Rules 42(a)(2) and 37. See In re Exxon Valdez, 102 F.3d at 432-433.

4

1 | Significantly, Plaintiff did not submit a declaration in
2 | support of this Motion.  See generally Mot.  The Motion is based
3 | solely upon his counsel's declaration.  Id.  Nor did Plaintiff
4 | seek leave to amend the complaint in conjunction with this
5 | Motion.  Id.  Rather, the reply brief merely notes that "any
6 | perceived prejudice to Defendants from dropping Esteban can be
7 | addressed by [the Court] directing those remaining Plaintiffs to
8 | amend their complaint to remove the allegations that cannot be
9 | proved without Esteban's testimony."  Reply at 3.  This is
10 | insufficient.  Specifically, this statement fails to meaningfully
11 | address Defendants' contention that they would be prejudiced by
12 | Plaintiff's withdrawal; and prejudice to the non-moving party
13 | defeats a Rule 21 motion.  See Sable Commc'ns of Cal. Inc., 890
14 | F.2d at 191 n.13 (internal citations omitted).

15 | Finally, Defendants raise an argument that "the
16 | circumstances and timing of [Plaintiff's] withdrawal warrant
17 | special consideration."  Opp'n at 9 (citing to In re Snap Inc.
18 | Sec. Litig., 394 F.Supp.3d at 1157-1158(denying lead plaintiff's
19 | attempt to withdraw on a delayed basis)).  Here, Plaintiff is
20 | attempting to withdraw years after the complaint was filed, after
21 | the Ninth Circuit has already relied upon his participation in
22 | reversing a prior dismissal of the case, and after written
23 | discovery requests have been propounded and his deposition has
24 | been noticed.  Opp'n at 2, 8-9.  Using Rule 21 as a shield to
25 | avoid discovery obligations is improper.  However, without a
26 | declaration from Plaintiff setting forth his reasons for
27 | withdrawing or a proposed amended complaint that removes all
28 | allegations or references to Esteban, the Court cannot assess

whether this Rule 21 Motion is being used in such a manner.

In the absence of such a declaration or proposed amended complaint and in the absence of any meaningful effort to demonstrate that Defendants would not be prejudiced by his withdrawal, Plaintiff's Rule 21 motion to be dropped as a party fails.

### III. ORDER

For the reasons above, the Court DENIES Plaintiff's Motion without prejudice.

IT IS SO ORDERED.

Dated: June 28, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE