INSTITUTE FOR JUSTICE
KEITH E. DIGGS (*pro hac vice*)
PAUL V. AVELAR (*pro hac vice*)
398 S. Mill Ave. #301
Tempe, AZ  85281
Telephone: (480) 557-8300
kdiggs@ij.org
pavelar@ij.org

INSTITUTE FOR JUSTICE
SAMUEL B. GEDGE (*pro hac vice*)
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Telephone: (703) 682-9320
sgedge@ij.org

BENBROOK LAW GROUP, P.C.
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
400 Capitol Mall, Suite 1610
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

*Attorneys for Plaintiffs Pacific Coast Horseshoeing School and Bob Smith*

ROB BONTA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General
CHAD A. STEGEMAN, State Bar No. 225745
Deputy Attorney General
P. PATTY LI, State Bar No. 266937
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone: (415) 510-3817
Fax: (415) 703-1234
E-mail: Patty.Li@doj.ca.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PACIFIC COAST HORSESHOEING SCHOOL, INC., et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>KIMBERLY KIRCHMEYER, et al.,<br><br>         Defendants. | No.  2:17–CV–02217–JAM–GGH<br><br>**STIPULATION AND ORDER OF SETTLEMENT**<br><br>Judge:  Hon. John A. Mendez<br><br>Action Remanded:  July 2, 2020 |

Plaintiffs Pacific Coast Horseshoeing School, Inc. ("Pacific Coast Horseshoeing School") and Bob Smith, on the one hand, and Defendants Kimberly Kirchmeyer and Deborah Cochrane

(collectively, "Defendants"), on the other, respectfully submit this Stipulation and Order of Settlement to the Court for entry and approval.

WHEREAS, this case involves a challenge to California's ability-to-benefit requirement, codified at California Education Code § 94904(a) and Cal. Code Regs., tit. 5, § 71770(a)(1);

WHEREAS, in June 2020 the U.S. Court of Appeals for the Ninth Circuit held that California's ability-to-benefit requirement is a content-based restriction on speech and subject to heightened scrutiny;

WHEREAS, in September 2021 the California Assembly passed and the California Governor signed into law Senate Bill 607;

WHEREAS, Senate Bill 607 repeals California Education Code § 94904, the statute codifying California's ability-to-benefit requirement;

WHEREAS, Senate Bill 607 will take effect on January 1, 2022;

WHEREAS, Senate Bill 607 does not expressly repeal or otherwise amend Cal. Code Regs., tit. 5, § 71770(a)(1);

WHEREAS, as a result of Senate Bill 607, Cal. Code Regs,. tit. 5, § 71770(a)(1) will be unenforceable on and after January 1, 2022; and

WHEREAS, Plaintiffs Pacific Coast Horseshoeing School and Bob Smith and Defendants now desire to resolve the issues raised in this litigation without further proceedings and have agreed that it is reasonable and necessary to enter into this Stipulation and Order of Settlement;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, and ORDERED that this litigation between Plaintiffs Pacific Coast Horseshoeing School and Bob Smith and Defendants is settled on the following terms and conditions:

1. Defendants shall not enforce the ability-to-benefit requirement, currently codified at California Education Code § 94904(a), against Pacific Coast Horseshoeing School, Bob Smith, or any student or prospective student of Pacific Coast Horseshoeing School.

2. Defendants shall not enforce the ability-to-benefit requirement, currently codified at Cal. Code Regs., tit. 5, § 71770(a)(1), against Pacific Coast Horseshoeing School, Bob Smith, or any student or prospective student of Pacific Coast Horseshoeing School.

3. Defendants shall not require that Pacific Coast Horseshoeing School or Bob Smith require students to have, as a prerequisite to their enrolling at Pacific Coast Horseshoeing School, any level of education or educational credential, as specified in the ability-to-benefit requirement currently codified at California Education Code § 94904(a) and Cal. Code Regs., tit. 5, § 71770(a)(1).

4. Pacific Coast Horseshoeing School and Bob Smith may begin to enroll students—regardless of the ability-to-benefit requirement currently codified at California Education Code § 94904(a) and Cal. Code Regs., tit. 5, § 71770(a)(1)—for any classes beginning on or after January 1, 2022.

5. Within 30 days after this Stipulation and Order of Settlement is entered as an order of the Court, Defendants shall notify private postsecondary educational institutions alerting those institutions that they and any prospective students no longer are subject to the ability-to-benefit requirement, currently codified at California Education Code § 94904(a) and Cal. Code Regs., tit. 5, § 71770(a)(1).

6. Within 30 days after this Stipulation and Order of Settlement is entered as an order of the Court, Defendants shall update the website of the Bureau for Private Postsecondary Education to clearly state that private postsecondary educational institutions no longer are subject to the ability-to-benefit requirement, currently codified at California Education Code § 94904(a) and Cal. Code Regs., tit. 5, § 71770(a)(1). Defendants shall also remove the page https://www.bppe.ca.gov/schools/ability_exam.shtml from the Bureau's website or edit that page to prominently display the following language: "Private postsecondary educational institutions no longer are subject to the ability-to-benefit requirements codified at California Education Code § 94904(a) and Cal. Code Regs., tit. 5, § 71770(a)(1)."

7. The terms and provisions of this Stipulation and Order of Settlement shall not be used in this action in the event that this Stipulation and Order of Settlement is not approved by the Court or does not become final for any reason. This Stipulation and Order of Settlement shall take effect only upon the Court's approval and entry of the Stipulation and Order of Settlement. Upon the Court's approval and entry of this Stipulation and Order of Settlement, the claims of Plaintiffs

Pacific Coast Horseshoeing School and Bob Smith in this action shall be dismissed without prejudice.

8. Pacific Coast Horseshoeing School, Bob Smith, and Defendants shall bear their own costs and fees.

9. The undersigned represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation and Order of Settlement on behalf of their respective clients.

Respectfully submitted,

Dated: December 3, 2021.                INSTITUTE FOR JUSTICE

/s/ Samuel B. Gedge
SAMUEL B. GEDGE
*Attorney for Plaintiffs Pacific Coast Horseshoeing School and Bob Smith*

Dated: December 3, 2021.                ROB BONTA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General

/s/ Chad A. Stegeman (as authorized on Nov. 30, 2021)
CHAD A. STEGEMAN
Deputy Attorney General
P. PATTY LI
Deputy Attorney General
*Attorneys for Defendants*

**IT IS SO ORDERED.**

Dated: December 3, 2021                /s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE